1
2
3
4

MORGAN, LEWIS & BOCKIUS LLP
Richard W. Esterkin, SBN 70769
richard.esterkin@morganlewis.com
300 S Grand Ave Fl 22
Los Angeles CA  90071-3132
Tel:    (213) 612-2500
Fax:    (213) 612-2501

5
6

Attorneys for
Amazon Logistics, Inc.

7

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**LOS ANGELES DIVISION**

11

| | |
|---|---|
| 12  In re: | Case No. 2:19-bk-14989-WB |
| 13       SCOOBEEZ, et al.[1], | Jointly Administered: 2:19-bk-14991-WB, and 2:19-bk-14997-WB |
| 14            Debtors and Debtors in | Chapter 11 |
| 15            Possession. | |
| 16  SCOOBEEZ, INC., | Adv. No. 2:19-ap-01456-WB |
| 17            Plaintiff | **AMAZON LOGISTICS, INC.'S OPPOSITION TO MOTION TO INTERVENE (DOCKET NO. 6)** |
| 18       v. | |
| 19  AMAZON LOGISTICS, INC., | Date:       November 18, 2019 |
| 20            Defendant. | Time:       10:00 a.m. Place.:       United States Bankruptcy Court |
| 21  | Edward Roybal Federal Building 255 E Temple St., Ctrm 1375 Los Angeles CA  90012 |
| 22 | |

23       Defendant Amazon Logistics, Inc. ("**Amazon Logistics**"), respectfully submits the

24  following opposition to Hillair Capital Management, LLC's motion to intervene herein:

25  ///

26  ///

27
28

---

[1]  The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and, Scoobur, LLC (0343).  The Debtors' address is 3463 Foothill Boulevard, in Glendale, California  91214.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 1 -

DB2/ 37720439.1

# I.

## INTRODUCTION

Hillair's motion to intervene should be denied.  Bankruptcy Code § 1109(b) does not provide Hillair with a statutory right to intervene.  Further, because Hillair is an entity, not an individual, and does not allege, and cannot allege, that it has suffered any particularized injury based upon the stay violations that it contends to have occurred (and which Amazon Logistics denies), it cannot pursue claims for alleged violation of the stay.  Hillar is not entitled to intervene as a matter of right because its interests are adequately represented by Scoobeez.  For that same reason, and because Hillair seeks to complicate and impose additional costs on the parties, this Court should not exercise its discretion to permit Hillair to intervent.  Finally, if, despite the foregoing, this Court determines to permit Hillair to intervene, it should restrict Hillair's rights as an intervenor to filing briefs and arguing before this Court.

# II.

## HILLAIR DOES NOT HAVE A STATUTORY RIGHT TO INTERVENE

Bankruptcy Code section 1109(b) provides that "a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee may raise and appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b).  As noted in Hillair's motion, there is a split of authority among the Circuit Courts of Appeal as to whether § 1109(b) confers an absolute right to intervene in an adversary proceeding and there is no binding Ninth Circuit authority with respect to that issue.  *Compare, Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 (5th Cir. 1985) (§ 1109(b) does not apply to adversary proceedings); *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 658 (4th Cir. 1997) (agreeing with *Fuel Oil*); *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.),* 998 F.2d 783 (10th Cir. 1993); *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1142 n. 8 (1st Cir. 1992); and *995 Fifth Avenue Associates, L.P. v. New York State Department of Taxation and Finance (In re 995 Fifth Avenue Associates, L.P.),* 157 B.R. 942 (S.D.N.Y. 1993) to *Term Loan Holder Committee v. Ozer Group, L.L.C.,* 303 F.3d 161 (2nd Cir. 2002); *Assured Guaranty Corp. v. Financial Oversight Board (In*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 37720439.1

*re the Financial Oversight and Management Board for Puerto Rico), 872 F.3d 57 (1st Cir. 2017); and *Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.),* 689 F.2d 445 (3rd Cir. 1982).

Courts holding that § 1109(b) does not grant an absolute right to intervene in an adversary proceeding note the following:

- Federal Rule of Civil Procedure 24(a)(1), which provides for intervention when the right is granted by a federal statute, is narrowly construed. *Fuel Oil Supply and Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 (5th Cir. 1985).

- Federal statutes that do grant intervention rights generally do so on behalf of governmental entities, not private parties. *Id.* Therefore, § 1109(b) is not the type of statute that is "generally considered to provide an absolute right of intervention." *Id.*

- The Bankruptcy Code and Title 28 provisions related to bankruptcy frequently draw distinctions between the bankruptcy case in chief and adversary proceedings. *Id. See,* 28 U.S.C. § 1334(a) (exclusive jurisdiction over bankruptcy cases) and § 1334(b) (non-exclusive jurisdiction over proceedings arising under title 11 or arising in or related to cases under title 11); 28 U.S.C. § 1334(c) (providing for absention from hearing cases arising under title 11 or arising in or related to cases under title 11, but not cases under title 11) and 11 U.S.C. § 305 (providing for abstention from hearing cases under title 11); 28 U.S.C. §§ 1408 (prescribing the venue for cases under title 11) and 1409 (prescribing the venue for proceedings arising under title 11 or arising in or related to a case under title 11).

- The Advisory Committee Notes to Federal Rule of Bankruptcy Procedure 7024, which merely incorporates Federal Rule of Civil Procedure 24, distinguishes between intervention in the bankruptcy case and intervention in an adversary proceeding:

> A person may seek to intervene in the case under the Code or in an adversary proceeding relating to the case under the Code. Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule. Intervention in a case and intervention in an adversary proceeding must be sought separately.

1    The Rule makers' distinction between intervention in the case and intervention in an

2    adversary proceeding makes no sense if § 1109(b) was meant to provide a statutory right to

3    intervene in adversary proceedings. *Id.* at 1287.

4    Courts holding that § 1109(b) constitutes a statutory right to intervene in an adversary

5    proceeding simply apply a broad reading to the term "case" as used in § 1109 so that the term

6    includes not only the bankruptcy case in chief, but also any adversary proceeding filed in a case.

7    As acknowledged by the *Caldor* court, however, the term "case" "is a term of art in the

8    bankruptcy context … that is well understood" to refer to the bankruptcy case in chief.  303 F.3d

9    at 168.  Therefore, a broad reading of the term "case" as used in § 1109(b) ignores the well-

10   understood meaning of that term.

11   That aside, those courts holding that § 1109(b) confers a right to intervene in adversary

12   proceedings also ignore the remaining language of §1109(b).  § 1109(b) not only authorizes

13   parties in interest to be heard on any issue in a case, it also authorizes them to "raise" any issue in

14   a case.  If the term "case" is read broadly, as it must be in order to constitute a statutory right to

15   intervene in adversary proceedings, it must also be read broadly to allow parties in interest to

16   "raise" issues that would ordinarily be decided in adversary proceedings.  This would, of course,

17   encompass, among other things, pursuing the estate's claims against third parties, including

18   avoidance claims.  Such a reading flies in the face of the well established law that only the

19   trustee/debtor-in –possession has standing to "raise" and pursue those claims.  Thus, § 1109(b)'s

20   reference to "case" must be read narrowly to refer only to issues arising in the bankruptcy case in

21   chief, and not to provide a statutory right to intervene in adversary proceedings.

22                                              **III.**

23   **HILLAIR DOES NOT HAVE A STATUTORY RIGHT TO ASSERT THE ESTATE'S**

24   **CLAIM THAT A PARTY HAS VIOLATED THE AUTOMATIC STAY**

25   Hillair has cited a single case in support of this astonishing argument, *In re International*

26   *Forex of Cal., Inc.*, 247 B.R. 284 (Bankr. S.D. Cal. 2000).  That case does not support Hillair's

27   argument.

28   First, the *Forex* court based its holding on the fact that § 362(k) expressly provides that

1    "an individual injured by any willful violation of a stay provide by this section shall recover …."

2    11 U.S.C. § 362(k)(1).  Hillair is an entity, not an individual, creditor.  Thus, § 362(k) does not

3    apply to it.  *Johnson Environmental Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 619 (9th Cir.

4    1993)

5           Second, as the court in *Community Collectors LLC v. Mortgage Electronic Registration*

6    *Services, Inc.*, 2012 WL 3249509 (N.D. Cal. August 7, 2012) observed, the *Forex* court's attempt

7    to distinguish the Ninth Circuit's holding and rationale in *Tilly v. Vucurevich (In re Pecan Groves*

8    *of Arizona)*, 951 F.2d 242 (9th Cir. 1991) is unavailing.  In sum, the Ninth Circuit in that case

9    reasoned that the automatic stay "is intended solely to benefit the debtor estate," which is

10   administered by the trustee (or debtor in possession).  951 F.2d at 245.  As a result, allowing

11   creditors to pursue alleged stay violations would "subvert the trustee's powers."  951 F.2d 245.

12   *See also, The Bank of New York Mellon v. SFR Investments Pool 1, LLC (In re Heaton)*, 697 Fed.

13   Apx 524 (9th Cir. 2017) (secured creditor lacked standing to assert stay violation).  In this case,

14   the debtor in possession has filed the present proceeding seeking an adjudication of the estate's

15   rights under § 362(a).  Allowing Hillair to purse the same claims would, in the words of the Ninth

16   Circuit, "subvert" the debtor in possession's ability to control the estate's claims.

17          Third, even if, as a general matter, a creditor could have standing to assert a violation of

18   the automatic stay, that right is limited to circumstances where the creditor suffered a

19   particularized injury, rather than to vindicating the estate's rights.  *McCord v. Sofer (In re Sofer)*,

20   507 B.R. 444, 449 (Bankr. E.D.N.Y. 2014) ("However, in order to have standing to seek

21   contempt for violation of the stay, 'the creditor must assert a claim for his own direct injury and

22   not a claim that belongs to the estate . . . .  If a claim is a general one, with no particularized

23   injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee

24   is the proper person to assert the claim.'"), *quoting In re Ampal-American Israel Corp.*, 502 B.R.

25   361 (S.D.N.Y. 2013).  Here, Hillair contends that Amazon Logistics' actions caused harm to the

26   bankruptcy estate's business, which then affected the value of its collateral and the assets that it

27   seeks to purchase with its credit bid.  That alleged harm is a generalized one to the estate, unlike

28   the particularized harm suffered by the plaintiff in *Forex* due to the defendant's interference with

1  the plaintiff's state court litigation in violation of the stay.

2      Hillair is not an "individual,"  has not suffered a particularized harm other than the

3  purported general harm to the bankruptcy estate alleged by Scoobeez and granting Hillair

4  standing to assert an alleged stay violation would interfere with Scoobeez' exclusive right, as the

5  debtor in possession, to control the bankruptcy estate's assets, including its claim that Amazon

6  Logistics violated, or may in the future violate, the automatic stay.  As a result, Hillair is not

7  statutorily entitled to prosecute the claims that it asserts in its proposed complaint in intervention.

8                                              **IV.**

9                         **HILLAIR FAILS TO SATISFY THE**

10                      **ELEMENTS FOR MANDATORY INTERVENTION**

11      As Hillair notes, in order to qualify for mandatory intervention pursuant to Rule 24(a),

12  Hillair must satisfy each of four elements:  (1) the motion to intervene must be timely, (2) the

13  party must assert an interest relating to the property or transaction which is the subject of the

14  action, (3) the party must be so situated that without intervention the disposition of the action may

15  as a practical matter impair or impede its ability to protect that interest and (4) the party's interest

16  must be inadequately represented by other parties in the action.  *Cedars-Sinai Medical Center v.*

17  *Shalala*, 125 F.3d 765 (9th Cir. 1997).

18      Hillair fails to carry its burden of showing that its interest is not adequately represented by

19  Scoobeez.  As an initial matter, Scoobeez is controlled by a Chief Restructuring Officer selected

20  by Hillair and who was appointed by Hillair as a condition of Scoobeez obtaining the right to use

21  Hillair's cash collateral.[2]  Thus, Scoobeez' handling of the litigation is in the control of an

22  individual selected, and presumably trusted, by Hillair.  Also, Scoobeez is adequately represented

23  by sophisticated counsel.  Thus, Hillair cannot contend that Scoobeez suffers from inadequate

24  representation.

25      In its motion, Hillair acknowledges that its "general interest in the present litigation

26

27

28
_____

[2] *See, Second Stipulation Between the Debtors, the Committee and Hillair Capital Management for (1) Authorization to Use Cash Collateral on an Interim Basis ; (2) Appointment of a Chief Restructuring Officer* (Docket No. 132).

mirrors that of the Debtors' estates."[3]  Hillair then goes on to state that it "has rights under the

Cash Collateral Stipulation that could be adverse to the Debtors if the Stay Violation Claims are

unsuccessful."[4]  That argument does not reflect a divergence of interests in the litigation –

presumably both Scoobeez and Hillair desire the litigation to be successful.  Rather, that

argument is based upon a potential for adversity with regard to Scoobeez' future use of cash

collateral, in the event that the litigation is unsuccessful.  Avoiding that dispute should incentivize

Scoobeez to successfully prosecute the litigation, a goal that is consistent with, not divergent

from, Hillair's interests.

Hillair also argues that it has unique interests due to its status as a potential purchaser of

Scoobeez' assets, "including the right to terminate the sale agreement."[5]  Once again, there is no

explanation as to why this interest is not adequately represented by Scoobeez.  Presumably, both

Scoobeez and Hillair would prefer for the prospective sale to be approved by this Court and close

in accordance with the terms of the proposed sale agreement.  Successful prosecution of the

present litigation would further that result.  Thus, Scoobeez' interests and those of Hillair are

aligned when viewed from the perspective of the prospective sale agreement.  As with Scoobeez'

cash collateral use, Hillair's alleged right to terminate the sale agreement if the litigation is not

successful simply incentivizes Scoobeez to achieve a result consistent with Hillair's interest.

There is no divergence of interests between those of Scoobeez and Hillair, as purchaser.  Thus,

Scoobeez adequately represents Hillair's interest in this litigation and Hillair is not entitled to

intervene as a matter of right.

## V.

## <u>THE COURT SHOULD NOT GRANT PERMISSIVE INTERVENTION</u>

Federal Rule of Civil Procedure 24(b)(1) permits a court to allow a party to intervene if

that party:  "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or

defense that shares with the main action a common question of fact or law."  Hillair cannot meet

---

[3]  Motion at 15:24-25.

[4]  Motion at 15:24-27.

[5]  Motion at 16:1-2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 37720439.1

the foregoing standard because it does not have a "claim" for violation of the automatic stay. Rather, any claim for violation of the automatic stay that may exist belongs to the debtors' bankruptcy estate as Hillair cannot allege that it suffered a particularized injury, as opposed to a secondary injury derivative of any damage that the debtors' bankruptcy estates may have suffered.

Even if Hillair had a particularized injury, which it does not, permissive intervention should be denied. Hillair's proposed complaint raises substantial questions of fact and law that are not raised in this proceeding by Scoobeez' complaint. Further, as the irrelevant and oppressive discovery served by Hillair in connection with Amazon Logistics' motion for relief from the stay demonstrates, and consistent with the over-breadth of complaint in intervention that Hillair proposes to file, Hillair's participation in the present action will overly complicate and delay the resolution of the present proceeding. The Bankruptcy Code entrusts a chapter 11 debtor's estate to the debtor in possession (absent the appointment of a trustee). This Court should not permit Hillair to shanghai the estate through the guise of intervening in this adversary proceeding.

## VI.

## IF INTERVENTION IS GRANTED,

## THE SCOPE OF THAT INTERVENTION SHOULD BE LIMITED

If this Court is inclined to grant Hillair's motion to intervene (which it should not for the reasons set forth above), it should limit Hillair's participation in this proceeding.

> The precise scope of [a party's] intervention is a matter committed to the district court's "broad discretion." Courts have exercised that discretion to limit the participation of intervenors as of right in a number of ways. An intervening party, for example, cannot "preclude other parties from settling their own disputes." Courts may further restrict intervention to "the claims raised by the original parties," or a particular set of issues. Finally, intervenors may be denied discovery . . . .

*Financial Oversight and Management Board for Puerto Rico*, 872 F.3d at 64 (internal citations omitted).

The present complaint before this Court alleges that Amazon Logistics has threatened to

1  violate the automatic stay by: (a) terminating its contract with Scoobeez, (b) reducing the number

2  of routes assigned to Scoobeez and (c) soliciting Scoobeez' drivers to terminate their employment

3  with Scoobeez. In addition, that complaint alleges that, in October 2019, Amazon Logistics

4  violated the automatic stay be reducing the number of routes assigned to Scoobeez. The

5  complaint contains four claims for relief: (a) for violation of the automatic stay, (b) for a

6  declaratory judgment regarding the applicability of the automatic stay, (c) for an injunction to

7  prevent Amazon Logistics from violating the automatic stay and (d) for breach of the covenant of

8  good faith and fair dealing.

9      Hillair's proposed complaint in intervention contains numerous factual allegations not

10  included, or relevant to, Scoobeez' claims: (a) allegations concerning the make-up of Scoobeez'

11  workforce (¶¶ 9 and 10); (b) allegations regarding numerous provisions in the Amazon

12  Logistics/Scoobeez contract unrelated to Amazon Logistics' alleged obligation to provide routes

13  to Scoobeez (¶¶ 13, 14, 15 and 16); (c) allegations regarding the financing provided to Scoobeez

14  by Hillair (¶¶ 17, 18, 19, 20 and 29); (d) allegations regarding the circumstances leading to

15  Scoobeez' chapter 11 filing (¶¶ 21 and 22); (e) allegations regarding pleadings filed in Scoobeez'

16  chapter 11 case (¶¶ 24, 25, 26 and 28); (f) allegations regarding the quality of services provided

17  by Scoobeez to Amazon (¶ 27); (g) allegations regarding the business strategies pursued by

18  Scoobeez (¶¶ 30, 31, 32 and 33); and (h) allegations regarding Amazon Logistics' knowledge (or

19  lack thereof) of Scoobeez' sale process (¶ 47). Despite adding all of these factual issues, Hillair's

20  proposed complaint in intervention does not seek any relief not being sought in Scoobeez'

21  pending complaint.

22      There is simply no reason to permit Hillair to file its complaint in intervention or to permit

23  Hillair to participate in this adversary proceeding, other than as an interested observer. As stated

24  above, Scoobeez' Chief Restructuring Officer was selected by Hillair and appointed at Hillair's

25  insistence. Scoobeez is represented by experienced and competent counsel. Hillair does not seek

26  any relief not already being pursued by Scoobeez. Thus, Hillair's proposed complaint in

27  intervention adds nothing to this proceeding.

28      On the other hand, allowing Hillair to intervene will substantially complicate and delay

1    the resolution of this proceeding.  First, as shown above, Hillair's proposed complaint, if

2    permitted, would inject a host of factual issues not raised by Scoobeez' complaint.  Litigating

3    those issues will unnecessarily consume the parties' resources, including those of the Scoobeez

4    estate, as well as unnecessarily burden the Court.  Second, Hillair has already demonstrated that it

5    intends to abuse any right to discovery that it may have by serving oppressive and irrelevant

6    discovery requests upon Amazon Logistics in connection with Amazon Logistics' motion for

7    relief from the stay.  Allowing Hillair unrestricted rights as an intervenor would be an open

8    invitation to engage in the same sort of behavior, in spades, in this proceeding.

9        In sum, there is simply no reason to complicate this proceeding by permitting Hillair to

10   actively participate in this proceeding, whether by filing its proposed bloated complaint in

11   intervention or by giving Hillair license to conduct discovery.  Thus, if this Court is inclined to

12   permit Hillair to intervent, it should restrict Hillair's rights to the filing briefs and to arguing any

13   motions that may presented to this Court.

**VII.**

**CONCLUSION**

16        For the foregoing reasons, Hillair does not have a statutory right to intervene or a right to

17   intervene pursuant to Federal Rule of Civil Procedure 24(a), and this Court should not exercise its

18   discretion to permit Hillair to intervene pursuant to Federal Rule of Civil Procedure 24(b).  In the

19   event, however, that this Court does permit Hillair to intervene, it should restrict Hillair's rights

20   as an intervenor to providing the Court with briefing and argument on such issues as may be

21   raised in connection with Scoobeez' complaint.

22   Dated:  November 4, 2019            MORGAN, LEWIS & BOCKIUS LLP

24                      By:    */s/ Richard W. Esterkin* _____

                          Richard W. Esterkin

26                  Attorneys for Amazon Logistics, Inc.

## CERTIFICATE OF SERVICE FORM

## FOR ELECTRONIC FILINGS

I hereby certify that on November 4, 2019, I electronically filed the foregoing document, **Amazon Logistics, Inc.'s Opposition to Motion to Intervene (Docket No. 6)**, with the Clerk of the United States Bankruptcy Court, Central District of California, Los Angeles Division, using the CM/ECF system, which will send notification of such filing to those parties registered to receive notice on this matter.

_Renee Robles_

Renee Robles

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 37720439.1

- 11 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Morgan Lewis & Bockius, LLP
300 S Grand Ave Fl 22, Los Angeles CA 90071-3132

A true and correct copy of the foregoing document entitled (*specify*): Amazon Logistics, Inc.'s Opposition to Motion to
Intervene (Docket No. 6)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
11/04/2019_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    See Service List, attached.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/04/2019_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Julia W. Brand, Suite 1382
U.S. Bankruptcy Court, Roybal Federal Building
255 E Temple St, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/04/2019 | Renee Robles | *Renee Robles* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**2:19-ap-01456-WB Service List**

Richard WEsterkin on behalf of Defendant Amazon Logistics, Inc.
richard.esterkin@morganlewis.com

John-Patrick M Fritz on behalf of Creditor Committee Official Committee of
Unsecured Creditors jpf@lnbyb.com, JPFLNBYB@ecfinforuptcy.com

Ashley MMcDow on behalf of Plaintiff Scoobeez, Inc.
amcdow@foley.com,
sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com,jsimon@foley.corn

Shane J Moses on behalf of Plaintiff Scoobeez, Inc.
smoses@foley.com

David L. Neale on behalf of Creditor Committee Official Committee of
Unsecured Creditors dln@lnbyb.com

United States Trustee (LA)
ustpregion16.1a.ecf@usdoj.gov

Eric D Winston on behalf of Creditor Hillair Capital Management, LLC
ericwinston@quinnemanuel.com