tAshley M. McDow (245114)
John A. Simon (admitted Pro Hac Vice)
Shane J. Moses (250533)
**FOLEY & LARDNER LLP**
555 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: 213.972.4500
Email: amcdow@foley.com
　　　　jsimon@foley.com
　　　　smoses@foley.com

Attorneys for Debtors and Debtors in
Possession, SCOOBEEZ, SCOOBEEZ GLOBAL,
INC., and SCOOBUR, LLC

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SCOOBEEZ, et al.[1]<br><br>　　Debtors and Debtors in Possession.<br><br>Affected Debtor(s):<br><br>☐ All Debtors<br><br>☒ Scoobeez<br><br>☐ Scoobeez Global, Inc.<br><br>☐ Scoobur LLC<br><br>SCOOBEEZ, INC.,<br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>AMAZON LOGISTICS, INC.,<br>　　　　　　　　　　　Defendant. | CASE NO. 2:19-bk-14989-WB<br>Jointly Administered:<br>2:19-bk-14991-WB; 2:19-bk-14997-WB<br><br>CHAPTER 11<br><br>ADVERSARY NO. 2:19-AP-01456-WB<br><br>**SUPPLEMENTAL PLEADING IN SUPPORT OF DEBTORS' MOTION FOR PRELIMINARY INJUNCTION TO PREVENT VIOLATION OF THE AUTOMATIC STAY; DECLARATIONS IN SUPPORT THEREOF**<br><br><u>Hearing Date:</u><br>Date:　November 18, 2019<br>Time:　10:00 a.m.<br>Place:　U.S. Bankruptcy Court<br>　　　　255 East Temple Street<br>　　　　Los Angeles, CA 90012 |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Scoobeez (6339); Scoobeez Global, Inc. (9779); and Scoobur, LLC (0343). The Debtors' address is 3463 Foothill Boulevard, Glendale, California 91214.

4829-3242-7948.1

## I. INTRODUCTION

Plaintiff Scoobeez, Scoobeez Global, Inc., and Scoobur, LLC, the debtors and debtors in possession (collectively "Debtors") in the above-captioned chapter 11 bankruptcy cases (collectively the "Chapter 11 Cases") hereby file this supplemental pleading in support of the Debtors motion for a preliminary injunction to prevent violation of the automatic stay [AP Docket No. 2], filed on October 25, 2019 (the "Motion").

The legal and factual basis for entry of a preliminary injunction is fully set forth in the Motion. This supplemental pleading is filed for the limited purpose of introducing additional evidence not in the records on the original Motion. It is abundantly clear that while the Debtors have a likelihood of presenting a plan that maximizes value if the status quo is preserved, any possibility of doing so will be destroyed if Amazon is allowed to rip the rug out from under the Debtors' business.

## II. BACKGROUND

On October 25, 2019, the Debtors filed an adversary complaint (the "Complaint") against Amazon, initialing this above-captioned adversary proceeding (the "Adversary Proceeding").[2] The Debtors filed their Motion concurrently with the Complaint. The Complaint seeks injunctive and declaratory relief to enforce the automatic stay against Amazon, and damages for breach of the contractual duty of good faith and fair dealing. The Debtors anticipate amending the Complaint to also seek substantial damages as sanctions for violations of the automatic stay.

The Debtors filed the Complaint and the Motion in order to prevent ongoing and threatened violations of the automatic stay by Amazon, which threaten destruction of the Debtors' business and any possibility of a reorganization or sale to maximize value for the Debtors' creditors. The full background and legal basis for entry of a preliminary injunction is set forth in the Motion.

---

[2] The plaintiff in the Adversary Proceeding is Scoobeez, Inc. (the "Plaintiff"), which is the Debtor entity that is party to the Amazon Agreement. For convenience, the term "Debtors" is used herein to refer to the Debtors collectively, including the Plaintiff in this Adversary Proceeding.

The Court initially set the Motion for hearing on an emergency basis, on October 28, 2019 (the "Emergency Hearing"), as to the Debtors' request for a temporary restraining order ("TRO").  At the Emergency Hearing, the Court set a further hearing on entry of a preliminary injunction for November 18, 2019 (the "Preliminary Injunction Hearing").  The Court did not enter a TRO, pursuant to the agreement between the Debtors and Amazon, which was recited on the record at the Emergency Hearing, that Amazon will refrain from the following pending the Preliminary Injunction Hearing: (1) taking any actions to terminate any of the Amazon Contracts, as that term was defined in the Emergency Motion; (2) communicating with any of the employees of the Debtors in a manner inconsistent with the ordinary course of the relationship between the Debtors and Amazon, and (3) reducing routes assigned to the Debtors in a manner inconsistent with the previously established ordinary course of business between the Debtors and Amazon.

At the Emergency Hearing, the Court also set a briefing schedule for the Preliminary Injunction Hearing, as set forth in the notice of preliminary injunction hearing filed by the Debtors on October 24, 2019 [AP Docket No. 17].  Pursuant to that briefing schedule, the Debtors are filing this supplemental pleading in support of entry of a preliminary injunction.

### III.    INJUNCTIVE RELIEF IS NECESSARY TO PRESERVE THE ESTATE

#### A.    Preservation of the Status Quo is Necessary to the Possibility of a Plan or Sale To Maximizes Value for the Estates and Their Creditors

There is a real possibility of a plan or transaction that maximizes benefit to creditors only if the status quo is preserved for a reasonable time under the Amazon Agreement.  Scoobeez has focused its business on Amazon to the exclusion of all other customers, and therefore a sudden loss of Amazon business would be devastating.  As set forth in the Declaration of George Voskanian appended hereto (the "Supplemental Voskanian Declaration"), however, prior to focusing exclusively on the Amazon business, the Debtors had a number of other customers, in other verticals of delivery.

Given a reasonable transition period, Scoobeez management could focus on developing other lines of business. As set forth in the Supplemental Voskanian Declaration, there is a reasonable belief that this would be possible. If Amazon is allowed to pull the rug out from under Scoobeez, however, Scoobeez will not be able to support its infrastructure, including its employee base, and any transition would be virtually impossible.

Further, Hillair has presented the Debtors with a confidential term sheet for a joint plan, which the Debtors expect to be the subject of negotiation regarding a potential joint plan of reorganization. Again, if Amazon is allowed to termination the Amazon Agreement, or effectively terminate by substantially reducing Routes from expected seasonal levels, this will not be possible.

It is well established that "the Bankruptcy Court enjoys considerable authority which it may use to protect the general purpose and intent of the Bankruptcy Code as well as to enforce specific Code provisions." *See In re Family Health Servs., Inc.*, 105 B.R. 937, 943 (Bankr. C.D. Cal. 1989). Given that the Debtors have a reasonable possibility of successfully presenting a plan to maximize value for the creditors if the status quo is maintained, and virtually none if Amazon is allowed to act as it intends, it is appropriate to for the Court to enter a preliminary injunction. *See In re First Alliance Mortg. Co.*, 264 B.R. 634 (C.D.C.A. 2001) (courts may consider likelihood of a successful plan with regard to entry of an injunction). In the Ninth Circuit, when evaluating likelihood of success on the merits for purposes of entry of a preliminary injunction, courts have looked to either likelihood of success in presenting a plan, or likelihood of success on other legal grounds.

Here, given the timing with which these events have occurred, and Amazon's unexpected ambush of the Sale process, it would be unreasonable to expect Scoobeez to present definitive plan terms or evidence of confirmability. For purposes of entry of a preliminary injunction, it should be sufficient that there is a possibility of a plan with an injunction, and none without.

**B.   There is a Long Course of Dealing Between Scoobeez and Amazon Supporting Reasonable Expectations as to Route Levels**

Amazon has historically, prior to the past two months, provided consistent Route levels,

with predictable seasonal fluctuation. Attached as Exhibit A to the Supplemental Voskanian Declaration is a true and accurate chart showing monthly total Routes from the beginning of 2018 through the present. This clearly shows bother the reliability of Route levels prior to the last two months, and the sudden decrease in the past weeks, concurrent with Amazon articulating an intent to terminate the Amazon Agreement.

## IV.    CONCLUSION

For all the reasons set forth in the Motion and herein, the Debtors respectfully request that the Court enter a preliminary injunction to preserve the status quo by requiring Amazon to maintain the current level of Routes, seasonally adjusted, pending the entry of an order for assumption or rejection of the Amazon Contract.

DATED: November 4, 2019    **FOLEY & LARDNER LLP**

*/s/ Shane J. Moses*
Shane J. Moses

Attorneys for Debtors and Debtors-in-Possession
SCOOBEEZ, SCOOBEEZ GLOBAL, INC., and
SCOOBUR, LLC

# DECLARATION OF GEORGE VOSKANIAN

I, George Voskanian, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. I am the Chief Financial Officer and Co-Chief Executive Officer for the Debtors, and, in those capacities, among other, maintain books, records, files and documents relating to the Debtors. As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities. In the ordinary course of business, I rely on the maintenance of true and correct copies of various documents relating to the Debtors. I have personally worked on books, records, files and documents, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from my business records, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' business at or near the time of the acts, conditions or events to which they related.

3. I make this declaration in support of the Debtor's motion to a preliminary injunction [Docket No. 002] (the "Motion"), and the supplemental pleading in support of the Motion, to which this declaration is annexed.¹

4. Attached hereto as **Exhibit A** is a true and accurate chart showing total Routes per month under the Amazon Contract for 2018 and 2019 to date. This shows that overall Routes have been consistent from month to month, with expected seasonal increase over the last quarter. This also further shows that whereas 2018 showed the expected seasonal increase in Routes entering the fall, Routes have taken a sharp downturn in just the past two months.

5. I believe that Scoobeez has the technology, know-how, and workforce to pursue other business verticals within the delivery transportation sector, given a reasonable amount of time to transition.

6. Prior to devoting Scoobeez efforts entirely to the Amazon business, Scoobeez had other customers, including Hopsy, Inc., a Northern California beer distributor; Eat24 (then owned by Yelp,

---

[1] All capitalized terms used herein shall have the same meaning ascribed in the Motion, unless otherwise stated.

Inc., now owned by Grubhub, Inc.), a food-ordering platform; and Thistle Health, Inc., a Northern California Food Service Company.

7. With sufficient runway, Scoobeez management would be able to market to develop new customer opportunities. A sufficient transition time is necessary for cash flow purposes, in or to maintain the existing infrastructure and on-going business, and to use the existing platform while marketing to new customers. If the Amazon Agreement is terminated without a sufficient runway, it will be impossible to transition to other customers, because Scoobeez would not have the financial ability to maintain any of its current infrastructure.

8. Amazon's actions, and communications of Amazon employees to Scoobeez employees have already done significant to Scoobeez ability to maintain its workforce. On a number of occasions, Scoobeez employees have reported being told by Amazon employees that Scoobeez routes are being reduced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 4th day of November, 2019.

GEORGE VOSKANIAN
Co-CEO and Chief Financial Officer

# EXHIBIT A



# DECLARATION OF SHANE MOSES

I, Shane Moses, hereby declare as follows:

1. I am an attorney duly authorized to practice before the above-referenced court. I am of counsel with the law firm of Foley & Lardner LLP, proposed general insolvency counsel for Scoobeez; Scoobeez Global, Inc.; and Scoobur, LLC (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned, jointly administered bankruptcy cases.

2. Unless otherwise stated, I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify to the same.

3. I make this declaration in support of the Debtor's motion to a preliminary injunction [Docket No. 002] (the "Motion"), and the supplemental pleading in support of the Motion, to which this declaration is annexed.[1]

4. On Sunday, November 3, 2019, the Debtors received confidential terms from Hilliar for a proposed joint plan. Although there has not been an opportunity for meaningful negotiations yet, given the timing, it is expected that the Debtors and Hilliar will engage in ongoing negotiations regarding a joint plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 4th day of November, 2019.

*/s/ Shane J. Moses*

Shane J. Moses

---

[1] All capitalized terms used herein shall have the same meaning ascribed in the Motion, unless otherwise stated.

DECLARATION OF S. MOSES ISO MOTION FOR TRO

4841-7329-3740.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
555 South Flower Street, Suite 3300, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL PLEADING IN SUPPORT OF DEBTORS' MOTION FOR PRELIMINARY INJUNCTION TO PREVENT VIOLATION OF THE AUTOMATIC STAY; DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/4/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard W Esterkin    richard.esterkin@morganlewis.com
John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
Ashley M McDow    amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
Shane J Moses    smoses@foley.com
Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
David L. Neale    dln@lnbyb.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Eric D Winston    ericwinston@quinnemanuel.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 11/4/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Julia W. Brand
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/4/2019 | Shane Moses | /s/ Shane Moses |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                      F 9013-3.1.PROOF.SERVICE